

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RAMON FIGUEROA,<br>　　　　Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, *Commissioner of the Social Security Administration*,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　Civil Action No. 2:24-2970-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING THIS MATTER
FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

　　This is a Social Security appeal in which Plaintiff Ramon Figueroa (Figueroa) seeks judicial review of the final decision of Defendant Frank Bisignano, Commissioner of the Social Security Administration denying his claim for disability insurance benefits under the Social Security Act.

　　The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court reverse and remand this matter for further administrative proceedings.  The Report was made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 4, 2025.  To date, the parties have failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

**IT IS SO ORDERED**.

Signed this 26th day of June 2025, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis  
                                                MARY GEIGER LEWIS  
                                                UNITED STATES DISTRICT JUDGE